**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| ANNE L. AYERS, | * |
| Plaintiff, | * |
| v. | *   Case No.: PWG-19-581 |
| HANS VESTBERG, | * |
| Defendant. | * |

* * * * * * * * * * * * *

**MEMORANDUM OPINION AND ORDER**

Plaintiff Anne Ayers, an elderly handicapped woman proceeding pro se, filed suit against Defendant Hans Vestberg, as CEO of Verizon Communications, Inc., alleging that Verizon has blocked caller identification information on her home land-line, violating her rights under the Federal Medical Privacy Act, the Americans with Disabilities Act, and Federal Communications Commission (FCC) rules and regulations. Am. Compl. at 2, ECF No. 9. Plaintiff seems to be upset by telemarketers and robocalls, which she alleges that she cannot accurately identify and avoid because of Verizon's failure to display caller identification information at the time of the call and further failure to provide her with telephone numbers upon her subsequent request. Am. Compl. at 2-3. Plaintiff asserts that calls from these unidentifiable sources are "unsolicited, unwanted, and invasions of her medical privacy rights." Am. Compl. at 2. Plaintiff further alleges that Verizon has discriminated against her based on her age, sex, and handicap, because "[w]hat Verizon enabled to be done to her would never have been done to a younger, non-handicapped man." Am. Compl. at 3.

Now before the Court is Defendant's Motion to Dismiss for failure to state a claim and for lack of subject matter jurisdiction. Def.'s Mot. at 1, ECF No. 19. Defendant contends that Plaintiff's complaint does not give rise to a cause of action, because no law requires a telephone company to provide caller identification, and only the telemarketing caller is obligated to do so. Def.'s Mot. at 4. Alternatively, Defendant argues that the Court does not have subject matter jurisdiction because the Plaintiff fails to raise a federal question via her allegations against the Defendant. Def.'s Mot. at 4. Because Plaintiff has failed "to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), I will dismiss her complaint. The motion has been briefed, ECF Nos. 19, 22, 23, and a hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2018).

## I. SUBJECT MATTER JURISDICTION

Because jurisdiction must "be established as a threshold matter," I will first consider the Defendant's contention that this Court lacks subject matter jurisdiction. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998).

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal of a plaintiff's complaint due to lack of subject matter jurisdiction, asserting, in effect, that the plaintiff lacks any "right to be in the district court at all." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). "Jurisdiction of the lower federal courts is . . . limited to those subjects encompassed within a statutory grant of jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Because subject matter jurisdiction involves the court's power to hear a case, it cannot be waived or forfeited, and courts have an independent obligation to ensure that subject matter jurisdiction exists. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The burden of establishing subject matter jurisdiction rests with the plaintiff. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). The district court should grant the 12(b)(1)

motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Balfour Beatty Infrastructure, Inc. v. Mayor & City Council of Balt.*, 855 F.3d 247, 251 (4th Cir. 2017) (quoting *Evans*, 166 F.3d at 647).

However, in the instant motion, the Defendant's challenge as to subject matter jurisdiction is essentially a reiteration of his challenge to the sufficiency of the Plaintiff's claim. Def.'s Mot. Mem. at 4, ECF No. 19-1. Though it is possible that the Plaintiff's claims under the Federal Medical Privacy Act, the Americans with Disabilities Act, and FCC rules and regulations might be better levied against another defendant, Plaintiff does at least seem to allege that this Defendant has somehow violated her "Federal legal rights" pursuant to those statutes. Am. Compl. at 3. Plaintiff, though she does not cite the specific source of the right, further invokes her federal right to not be discriminated against based on her age, sex, or handicap. Am. Compl. at 3. Therefore, the Court has subject matter jurisdiction, because Plaintiff's claims "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether Plaintiff's claims are adequate or properly directed is better addressed as a challenge to the sufficiency of the claim under Federal Rule of Civil Procedure 12(b)(6), rather than a challenge to the Court's subject matter jurisdiction under Federal Rule 12(b)(1). *See Holloway*, 669 F.3d at 453 (When a plaintiff's claim arises under the laws of the United States, "deficiencies of the claim should be addressed by other mechanisms provided by the federal rules."). I will next consider this question.

## II. FAILURE TO STATE A CLAIM

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint due to a plaintiff's "failure to state a claim upon which relief can be granted." Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Notably, although a complaint "does not need

3

detailed factual allegations," Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss pursuant to Rule 12(b)(6), plaintiffs' '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept the material facts alleged in the complaint as true, though statements of legal conclusions are not afforded the same assumption of truth. *Iqbal*, 556 U.S. at 678; *Aziz*, 658 F.3d at 391. Further, a dismissal may not be based merely on "a judge's disbelief of a complaint's factual allegations." *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009).

Additionally, pro se complaints are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the Court "cannot allow patently frivolous or baseless claims to proceed simply because the movant is pro se." *Ringdahl v. Afsharjavan*, No. 8:18-cv-01006-PX, 2019 WL 2270693, at *1 (D. Md. May 24, 2019) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

Defendant argues that no law requires a telephone company to provide caller identification information for every call made to Plaintiff's home. Def.'s Mot. Mem. at 4. To the contrary, says the Defendant, pursuant to federal regulations and FCC rules, a telephone company must refrain from providing caller identification information upon the caller's request, unless a call is threatening and the report of the threat comes from a law enforcement officer. *Id.* Accordingly, the Defendant maintains, none of Plaintiff's allegations can "be the basis of a valid cause of

4

action." *Id.* Further, the Defendant notes that it is unclear exactly what remedy the Plaintiff is seeking, though she appears to be requesting that the Court issue a subpoena. *Id.* at 2.

Even when the Complaint is "liberally construed," *Erickson*, 551 U.S. at 94, Verizon's only apparent wrongful acts or omissions are its alleged failures to transmit caller identification information to the Plaintiff at the time of the calls in question and to produce the same caller identification information upon the Plaintiff's subsequent request. While it is undeniable that robocalls and telemarketers often are annoying and unwelcome, Plaintiff has failed to show that Verizon was under any legal obligation to furnish caller identification information either during or after those calls. To the contrary, as the Defendant points out, Verizon must refrain from passing along caller identification information upon the caller's request, unless there is a threatening call reported by a law enforcement officer. 47 C.F.R. § 64.1601(b), (f). Though telemarketers are required to transmit their caller identification information and may not block recipients of the call from viewing it, the rule places that obligation on the telemarketer, not the telephone company. 47 C.F.R. § 64.1601(e).

Plaintiff also alleges violations of various federal laws. Namely, Plaintiff perceives the telemarketers' requests for medical information and the police officer's suggestion to simply not answer the phone as violations of the Federal Medical Privacy Act and the Americans with Disabilities Act, as well as FCC rules and regulations. Am. Compl. at 2. However, Plaintiff again provides no cognizable basis for imputing these alleged violations to her telephone company.

Finally, Plaintiff alleges that Verizon, in violation of her "federal rights" permitted her to be harassed based on her age, sex, and handicaps. Am. Compl. at 3. Even assuming all of the facts in the pleadings are true, *Iqbal*, 556 U.S. at 678, this claim too finds no support. There is no indication in the pleadings that Verizon instigated, endorsed, or enabled the objectionable phone

calls.  Further, Plaintiff provides nothing more than an "unadorned . . . accusation" that Verizon harassed or discriminated against her based on her protected characteristics.  Am. Compl. at 3; *see Iqbal*, 556 U.S. at 678.  There is nothing beyond mere speculation that Verizon, based on the Plaintiff's age, sex, or handicaps, treated Plaintiff any differently than they have anyone else who makes a similar complaint.  Indeed, in complying with the federal regulations cited herein, the most plausible explanation is that Verizon refrains from passing on the same caller identification information to all of its customers, regardless of their personal characteristics.  Regardless, Plaintiff alleges no facts that are sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Thus, because "it appears certain that the plaintiff cannot prove any set of facts in support of [her] claim entitling [her] to relief" against Defendant Vestberg or Verizon, I will dismiss her complaint.  *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017).

### III.     CONCLUSION

For the foregoing reasons, Plaintiff has "fail[ed] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).[1]  Therefore, I will grant the Defendant's Motion to Dismiss, ECF No. 19.  Further, I find that giving the Plaintiff an opportunity to amend the complaint would be futile, because there is no potentially cognizable claim against Defendant Vestberg or Verizon arising out of the factual allegations described in her complaint.  *See King v. Rubenstein*, 825 F.3d 206, 225 (4th Cir. 2016).  In fact, Plaintiff has already attempted to amend or supplement her complaint numerous times since filing her Amended Complaint, *see* ECF Nos. 21, 22, 23, and

---

[1] Because I will dismiss the case on this basis, I need not reach the issues of whether the Plaintiff named the correct Verizon entity, whether Hans Vestberg has any personal liability arising out of this complaint, or whether Plaintiff has adequately effected service.

none of those filings have included a cognizable claim against Defendant Vestberg or Verizon. For these reasons, I will dismiss this case with prejudice.

## **ORDER**

Accordingly, it is, this 15th day of November, 2019, hereby ORDERED that

1. Defendants' Motion to Dismiss, ECF No. 19, IS GRANTED; and

2. This case IS DISMISSED WITH PREJUDICE.

3. The Clerk of Court shall CLOSE this case.

                                                            /S/
                                            Paul W. Grimm
                                            United States District Judge